ENCARNACIÓN ABOY DE CINTRÓN, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 945. Submitted February 4, 1935.—Decided February 14, 1935.

*Heriberto Torres Solá* for appellant. The registrar did not appear.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Encarnación Aboy, widow of Cintrón, sold a rural property to Carlos H. Blondet and his wife, María Ronda, for $24,000, of which the vendor received $5,000, the purchasers undertaking to pay subsequently the balance of the purchase price. In order to secure such payment, the Blondet-Ronda spouses constituted a mortgage for $19,000 on said property, in favor of Encarnación Aboy, widow of Cintrón, to be paid in the form stipulated, with interest thereon at the rate of 7 per cent per annum until fully paid, including any delay (*mora*).

Upon presentation of this mortgage for record in the Registry of Property of Caguas, the registrar recorded the instrument, "with the statement that this mortgage is recorded solely as to the principal, stipulated interest, and an additional sum for costs and expenses; and as to the interest after maturity, to the extent determined by section 114 of the Mortgage Law."

Feeling aggrieved by the last part of that decision, Mrs. Aboy took the present appeal, and urged that the Registrar of Property of Caguas erred in recording the mortgage liability for the interest after maturity to the extent determined by section 114 of the Mortgage Law. This section provides that a mortgage constituted to secure an interest-bearing credit does not secure, to the prejudice of a third person, more than the interest for the two years last past and the

accrued part for the current year, in addition to the principal.

Galindo and Escosura, in their *Comentarios a la Legislación de España y Ultramar,* vol. 4, p. 136, say:

"Section 114 has introduced a profound change in the old law. The constitution of a mortgage, as accessory to a contract of *mutuum,* secured not only the principal but also all interest which might be stipulated in the contract and remain unpaid at the time of the satisfaction of the credit. This legislation subsists between the debtor and the first creditor where there is no third person whose interests may be prejudiced. But where a second mortgage is involved, section 114 provides that the first mortgage secures, to the prejudice of a third person, only the principal, the interest for the two years last past and that part of the third current year which may have accrued."

Barrachina says that where there is no third person into whose hands the mortgaged property may have passed or who does not have a lien thereon or a real right therein, said property answers not only for the principal but also for any demandable interest, since the limitation to the two annual instalments and the accrued part for the current year at the time the mortgage credit is paid, applies only in case there is a third person whom the security prejudices. Barrachina, *Derecho Hipotecario y Notarial,* vol. 3, p. 86.

Morell says that, within the purview of section 114, a third person is anyone who has not intervened as a party to the recorded mortgage, whether he acquires the ownership of the property or any other real right, but always provided that he record the right acquired by him. 3 Morell, 717.

The instant case is one in which, up to the present time, only the original mortgage creditor and the debtor appear to be involved. The property has not passed to a third person, and we do not know that a second mortgagee exists. Nor does the property appear as mortgaged expressly and specifically for any precise amount for the payment of interest. How, then, can the words contained in the decision of the

registrar prejudice the appellant? It is maintained that such decision sets up a limitation which prejudices the mortgagee and deprives her of certain rights protected by law, and it is argued that by inserting something that was not necessary, there has been recorded in the registry something that should not have been written. We agree that the words of the decision that relate to the interest after maturity are officious and unwarranted, but we do not think that any prejudice has been caused the appellant by the fact that they were entered in the register. The registrar records the liability for interest after maturity, to the extent determined by section 114 of the Mortgage Law. What is the extent and scope of this legal provision? It is expressed in the text thereof, which has been construed and clarified by the commentators. Section 114 fixes the period during which the interest is secured by the mortgage to the prejudice of a third person. The words of the registrar neither extend nor limit the scope of this provision, nor can they affect the appellant in her rights. Section 114 of the Mortgage Law does not apply where there is no third person whose interests may be prejudiced. And this is so whether or not such fact is made to appear in the registry of property.

We are of the opinion that no valid reason has been advanced for annulling the decision appealed from, and the same must be affirmed.